UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

PROSPERITY PARTNERS, INC.,

                                          Plaintiff,

    -against-

VIRGILIO BONILLA,

                                          Defendant.

------------------------------------------------------------------------X

MEMORANDUM OPINION and ORDER

CV 04-1362 (SJF) (ETB)

      This is a diversity action for breach of contract. The defendant is a person who won $5,000,000.00 in 2002 in the New York Lottery. The plaintiff is a Florida corporation which purchases, at a discount, a lottery winner's lifetime rights to the lottery proceeds.

      The defendant maintains that New York Law, which by contract or otherwise, is controlling here, requires the approval of a Justice of the New York State Supreme Court "before any agreement to sell lottery winnings is enforceable…." (Defendants Rule 56.1 Statement). See New York State Tax Law § 1613(a) at A (McKinney's 1999) ("Payment of prizes shall be made … to holders of tickets to which prizes are awarded, except that … any person pursuant to an appropriate judicial order may be paid to the prize to which the winner is entitled."). See also Nat'l Union Fire Ins. v. State Bank of Long Island, 263 A.D.2d 490 (N.Y. App Div. 2d Dept. 1999); Wolf v. Brach, 241 A.D.2d 417 (N.Y. App. Div. Dept. 1997); Matter of the Application of Cabrera, 196 Misc. 2d 329 (N.Y. Sup. Ct. 2003). It is undisputed that the plaintiff never secured the requisite approval to effectuate any transfer of benefits to the plaintiff. The

application was made and withdrawn by the plaintiff, following the defendant's rescission of consent, on or about March 4, 2004.

The complaint alleges breach of contract, maintaining that defendant "breached … by failing and refusing to tender performance as required by the contract." This is claimed to have caused plaintiff a "loss of profit in the minimum sum of $544,148.00." (Complaint ¶¶ 6, 7).

A substantial legal issue is raised herein by defendant's dispositive motion. The contract on its face, in addition to requiring cooperation by the Seller (defendant herein), provides that the parties' obligations are "subject to and conditioned upon" the plaintiff obtaining: (1) "a final court order issued by a court with appropriate jurisdiction … directing the New York Lottery Commission to recognize this Agreement and to make the Assigned Payments to PPI (plaintiff herein) …"; (2) "a written acknowledgment from the New York Lottery Commission of its intention to comply with said court order."

It is undisputed by plaintiff that the latter events never occurred. This raises a substantial legal issue as to whether a party may recover on a conditional contract, where, as here, it is undisputed that the conditions which would make the contract binding have not occurred. According to New York's Court of Appeals, "A condition precedent is 'an act or event, other than a lapse of time, which, unless the condition is excused, must occur before a duty to perform a promise in the agreement arises.'" Oppenheimer & Co., Inc. v. Oppenheim, 86 N.Y.2d 685, 690 (1995) (citations omitted). See also The Argo Corp. v. Greater New York Mut. Ins. Co., 4 N.Y.3d 332, 338 n.2 (N.Y. 2005); Aniero Concrete Co. v. New York City Constr. Auth., 1998 U.S. Dist. LEXIS 3938 (S.D.N.Y. 1998). Furthermore, an express condition, as explicitly agreed to by the parties, requires strict compliance. Oppenheimer, 86 N.Y.2d at 690. A substantial argument may be made that since the plaintiff failed to obtain a court order directing the New

York Lottery Commission to recognize the agreement, the plaintiff did not satisfy the express condition and thereby rendered the contract unenforceable.

Another substantial issue here relates to construction of the state law that requires, as a condition to enforcement of any assignment of benefits, the approval of a Justice of the Supreme Court. Pursuant to New York's Structured Settlement Protection Act ("SSPA"):

> No … transfer of structured settlement payment rights shall be effective and no structured settlement obligor or annuity issuer shall be required to make any payment … to any transferee of structured settlement payment rights unless the transfer has been authorized in advance in a final order of a court of competent jurisdiction based upon express findings….

See New York General Obligations Law § 5-1706 (McKinney's 2004). To approve the assignment of benefits, the court must find that the terms of the transfer are "fair and reasonable." Id. See also Matter of Cabrera, 196 Misc. 2d at 330 ("The heart of the SSPA's protection lies in the courts' independent discretionary determination [of] whether. . .'[T]he transfer is in the *best interest of the payee*, taking into account the welfare and support of the payee's dependents; and whether the transaction, including the discount rate used to determine the gross advance amount and the fees and expenses used to determine the net advance amount, are *fair and reasonable*.'") (citing N.Y. Gen. Oblig. Law § 5-1706(b) (emphasis in Cabrera)). See also Carroll v. XYZ Life Insurance Cos., N.Y.L.J., Sept. 5, 2000, at 31 (N.Y. Sup. Ct. Sept. 4, 2000) (discussing the need for judicial oversight of contracts involving speciality finance or factoring companies, based on the companies' controversial use of "aggressive advertising and other methods" to induce recipients of large cash awards to make financial transfers which result in the transferors' "loss of long-term financial security"). A substantial argument is raised that the purpose of court approval would be frustrated and thwarted if the professional lender could

simply turn around – in the absence of court approval – and sue for lost profits on a breach of contract theory, as the plaintiff here is trying to do.

Finally, there are substantial legal issues raised by the language of the contract itself. Paragraph 28 of the contract, "No Rule of Construction," provides that: "The parties acknowledge and agree that because all parties and/or their counsel participated in negotiating and drafting this Agreement, no rule of construction shall apply to this Agreement which construes any language, whether ambiguous, unclear, or otherwise, in favor of or against any other party." However, in New York, "[t]he law is clear that ambiguities in a written contract are to be construed against the drafter. . .". Al Sayegh Brothers Trading, LLC v. Doral Trading & Export, Inc., (E.D.N.Y. 2002). See also 67 Wall St. Co. v. Franklin Nat. Bank, 37 N.Y.2d 245, 249, 371 N.Y.S.2d 915, 918 (N.Y. 1975) (citing 4 Williston, Contracts, s 621; 10 N.Y.Jur., Contracts, s 223). A substantial argument may be raised that the plaintiff, as the preparer of the contract, has attempted to contravene New York law by the inclusion of the "no rule of construction" clause.

In addition, paragraph 17 of the contract, "Waiver of Jury Trial," provides that: "Both parties to this Agreement hereby waive the right to trial by jury in any action or proceeding instituted with respect to this Agreement." While such clauses, when clear and unambiguous, are generally enforceable under New York law, where questions of fraud and unconscionability arise with respect to the contract, such clauses are closely scrutinized, and in some circumstances, have been held to be unenforceable. See e.g., Bank of New York v. Cheng Yu Corp., 67 A.D.2d 961, 961, 413 N.Y.S.2d 471, 472 (N.Y. App. Div. 2d Dep't 1979) (refusing to enforce a waiver of jury clause where signatory did not read or understand English).

In summary, in view of the substantial issues raised by the defendant in support of the pending motion for dismissal, "good cause," as required under Rule 26(c), has been adequately established. All discovery is stayed pending the outcome of dispositive motions now before the Court.

SO ORDERED:

Dated: Central Islip, New York
       June 24, 2005

                                            /s/ E. Thomas Boyle
                                            E. Thomas Boyle
                                            United States Magistrate Judge